IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| VIVIAN G. ZEGARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv891 (JCC) |
| | ) | |
| MARCO POLO, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on a motion to dismiss by Defendants Marco Polo, Inc. ("MP"), Marco Polo Caterers, Inc. ("MP Caterers"), and Alfredo Pestana ("Pestana") (collectively, "Defendants"). Defendants move to dismiss the claims against MP Catering and Pestana. For the following reasons, the Court will deny the motion.

**I. Background**

Plaintiff Vivian Zegarra ("Plaintiff") filed suit against Defendants for minimum wage and overtime hours violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. The allegations in the Plaintiff's complaint (the "Complaint") are as follows.

Defendants, based in the Northern Virginia area,

1

employed Plaintiff from late March 2007 until late May 2008. During the time period relevant to the Complaint, Pestana owned, and served as the principal officer of, MP and MP Caterers (collectively, the "Corporate Defendants"). He exercised significant control over the day-to-day operations at the Corporate Defendants, including the power to hire, fire, and set wages and compensation for employees. Compl. at ¶ 7. Defendants' annual gross sales and business volume exceeded $500,000. *Id.* at ¶ 9. Collectively and individually, Defendants engaged in interstate commerce, as did Plaintiff. *Id.* at ¶ 11-12. Defendants were all "employers" of Plaintiff under the FLSA. *Id.* at ¶¶ 10 and 13.

Defendants either required or permitted Plaintiff to work uncompensated hours and hours for which she was not paid the required minimum wage. *Id.* at ¶ 14. Defendants also did not pay Plaintiff "time and a half" for overtime hours she worked. *Id.* at ¶¶ 15-16. They required her to record her hours incorrectly so that they could avoid the FLSA's overtime and record-keeping requirements. *Id.* at ¶ 17. Further, Defendants failed to maintain regular pay periods or pay Plaintiff in a timely fashion, neglected to post the FLSA-required notice of employee rights, and did not inform or misled Plaintiff about her FLSA rights. *Id.* at ¶¶ 18-20.

Plaintiff's Complaint contains two counts: Count I, for

violation of FLSA minimum wage and overtime requirements, against Defendants, and Count II, for breach of contract, against the Corporate Defendants.  Under the FLSA, Plaintiff seeks to recover unpaid compensation, liquidated damages, interest, and attorney's fees and expenses.  Under her breach of contract claim, pled in the alternative, she asks for damages in the amount of unpaid compensation.

Defendants moved to dismiss the claims against defendants MP Catering and Pestana on December 19, 2008.[1] Plaintiff opposed the motion on December 30, 2008.  This motion is before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Nevertheless, while Rule 8 does not require "detailed

---

[1] Defendants submitted an Answer and Counterclaim on the same day.

factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

### III. Analysis

Defendants first argue that the Court should dismiss both claims against MP Catering "because it is the same entity as defendant Marco Polo Restaurant, Inc." Defs.' Mot. at 1. Second, they assert that the court should dismiss the claim against Pestana because Pestana acted solely through MP and is not personally liable for the acts of the Corporate Defendants. *Id.* The Court will address each argument in turn.

A. <u>Motion to Dismiss Claims Against MP Catering</u>

Defendants' request to dismiss MP Catering because it is the same entity as MP is premature. The Complaint clearly alleges that both Corporate Defendants served as Plaintiff's employer and violated the FLSA. At the motion to dismiss stage, the Court looks only at the face of the Complaint to determine whether Plaintiff has pled a claim. If subsequent discovery shows that the Corporate Defendants are in fact the same entity, the parties may correct the pleading error at that time.

B. <u>Motion to Dismiss the FLSA Claim Against Pestana in his Individual Capacity</u>

The Complaint explicitly alleges that Pestana acted, in his individual capacity, as an "employer" under the FLSA. Compl. at ¶ 7.  Defendants' motion to dismiss based on the fact that Pestana acted through MP, then, is necessarily an argument that individuals in Pestana's position cannot be liable as "employer[s]" under the FLSA as a matter of law.

The law is clear, however, that individuals can be held liable as "employers" under the FLSA.  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The definition of "employer" in the Act is "expansive," and an employee may have more than one "employer." *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

Whether an individual is an "employer" under the Act turns on the facts and circumstances of each case.  The majority rule allows an individual corporate officer to be an "employer" under the FLSA – subject to liability in his individual capacity – if he acts as "a supervisor [with] sufficient control over the conditions and terms of the plaintiff's employment." *Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403, 413 (M.D. Pa. 1999) (citing *Dole v. Haulaway, Inc.*, 723 F. Supp. 2d 274, 286 (D. N.J. 1989)); *see Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989); *see also Dole v. Elliott Travel*, 924 F.2d 962, 965 (6th Cir. 1991); *Cubias v. Casa Furniture and Bedding, LLC*, 2007 WL

150973, at *2-3 (E.D. Va. Jan. 16, 2007).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (collecting cases).

The Complaint alleges that Pestana exercised control over the operations of the Corporate Defendants, could hire and fire employees, had the power to control the actions of employees, and set their wages and compensation.  Compl. at ¶ 7.  Plaintiff has stated a claim against Pestana in his individual capacity by alleging that he is an "employer" under the FLSA.

### IV.  Conclusion

For these reasons, the Court will deny Defendants' Motion to Dismiss MP Catering and Pestana.

An appropriate Order will issue.

January 21, 2009                                /s/
Alexandria, Virginia                  James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE

6